Citation Nr: 1554491 
Decision Date: 12/31/15 Archive Date: 01/07/16

DOCKET NO. 09-03 190 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to an increased rating for bilateral hearing loss, currently evaluated as 10 percent disabling as of October 15, 2012, and as noncompensable prior to that date.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

S. Mishalanie, Counsel
INTRODUCTION

The Veteran served on active duty from August 1990 to August 1994. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from an August 2005 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas, which continued a noncompensable rating for bilateral hearing loss.

In a November 2012 rating decision, the RO granted a 10 percent rating for bilateral hearing loss effective from October 15, 2012; however, because the Veteran is presumed to seek the maximum available benefits, the claim remains on appeal. See AB v. Brown, 6 Vet. App. 35, 38 (1993).

In July 2014, the Veteran testified at a Board hearing before the undersigned Veterans Law Judge. A transcript of that proceeding is of record.

In August 2014, the Board remanded the claim to the Agency of Original Jurisdiction (AOJ) for additional development.

This appeal was processed using the Veterans Benefits Management System (VBMS) and the Virtual VA paperless claims processing systems. Any future consideration of this Veteran's case must take into consideration the existence of these electronic records.

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action on his part is required.


REMAND

In August 2014, the Board remanded the claim for an increased rating for bilateral hearing loss, in part, to obtain clarification from private and VA audiologists and to obtain the audiograms associated with three VA audiology consultation reports. A review of the record indicates that the AOJ did not complete these remand directives. As such, the claims must be remanded to ensure compliance. See Stegall v. West, 11 Vet. App. 268 (1998).

As noted in the August 2014 remand, clarification of the September 2004, October 2004, January 2009, December 2011, and February 27, 2013 private audiology reports, as well as the July 2010, September 2012, and March 2014 VA audiology consultation reports is needed. VA is required to make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claim. See 38 U.S.C.A. § 5103A(a) (West 2014); 38 C.F.R. § 3.159(c) (2014). As part of this duty, if further clarification of certain evidence is essential for a proper appellate decision, the Board shall remand the case to the AOJ and specify the action to be undertaken. See 38 C.F.R. § 19.9(a). The U.S. Court of Appeals for Veterans Claims (Court) has held, pursuant to 38 U.S.C. § 5103A(a), that when a private examination report "reasonably appears" to contain information necessary to properly decide a claim, but is "unclear" or "not suitable for rating purposes," and the information reasonably contained in the report otherwise cannot be obtained, VA has a duty to either (1) ask the private examiner to clarify the report, (2) request that the claimant obtain the necessary information to clarify the report, or (3) explain why such clarification is not needed. This duty should be undertaken when the burden on VA in obtaining this missing information is minimal. See Savage v. Shinseki, 24 Vet. App. 259, 263-64 (2011).

The September 2004, October 2004, January 2009, December 2011, and February 27, 2013, private audiology reports, as well as the July 2010, September 2012, and March 2014 VA audiology consultation reports, do not reflect whether the speech discrimination testing was conducted using the Maryland CNC test. See 38 C.F.R. § 4.85(a) (the controlled speech discrimination test administered by a state-licensed audiologist must be the Maryland CNC Test). The September 2004, December 2011, and February 27, 2013, private audiology reports also do not include puretone thresholds readings at 3000 Hertz. Without puretone thresholds readings at 3000 Hertz, these private audiology reports would not be adequate or suitable for rating hearing loss for VA purposes. See 38 C.F.R. § 4.85(d) (the puretone threshold average is the sum of the puretone thresholds at 1,000, 2,000, 3,000, and 4,000 Hertz, divided by 4). Therefore, further clarification from the private and VA audiologists should be undertaken.

In addition, the August 2014 Board remand directed the AOJ to obtain the complete audiogram results associated with the July 2010, September 2012, and March 2014 VA audiology consultation reports. On remand, the AOJ obtained additional copies of these reports without obtaining the associated audiogram results. The consultation reports indicate that complete audiogram results are available in VA's Computerized Patient Record System (CPRS) under the Tools/Audiogram Display. These results should be associated with the Veteran's claims file. 

Accordingly, the case is REMANDED for the following actions:

1. The AOJ should obtain complete audiogram results for the July 2010, September 2012, and March 2014 VA audiology consultations located in CPRS under the Tools/Audiogram Display. 

If any of the records requested are unavailable, the AOJ should clearly document the claims file to that effect and notify the Veteran of any inability to obtain the records, in accordance with 38 C.F.R. § 3.159(e).

2. The AOJ should contact the audiologists who conducted the September 2004, October 2004, January 2009, December 2011, and February 27, 2013, private audiograms and the July 2010, September 2012, and March 2014 VA audiograms for purposes of clarification. The audiologists should be asked to clarify whether speech discrimination testing was conducted using the Maryland CNC test. In addition, the September 2004, December 2011, and February 27, 2013, private audiologists should be asked to clarify whether puretone thresholds readings were conducted at the 3000 Hertz frequency. 

All attempts to seek clarification and any response received must be documented in the claims file.

3. After completing the above actions, and any other development as may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the AOJ should readjudicate the issue remaining on appeal. If any benefit sought on appeal remains denied, the Veteran and his representative should be provided with a supplemental statement of the case and afforded a reasonable opportunity to respond. The case should then be returned to the Board for further appellate review, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
J.W. ZISSIMOS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).